In the ESTATE OF Frederick
Albert LUDY.

Evelyn Marie THURMON, Plaintiff,

v.

Frederick Lee LUDY, Jr., Glenna Lois
Ludy, and Edward Grewach, as Personal
Representative Ad Litem, Defendants.

No. 66532.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 20, 1995.

Rehearing Denied July 24, 1995.

Walter D. McQuie, Jr., Montgomery City, for plaintiff.

Russell A. Willis, III, Creve Coeur, for defendants.

GRIMM, Chief Judge.

Daughter of decedent-father filed a petition to discover assets. Named as defendants were decedent's son and his wife; the administrator of decedent's estate was named as a nominal defendant.

The trial court granted daughter's summary judgment motion. Son and his wife appeal; we reverse and remand. For ease of reading, we refer to the appellants as "son."

## I. Background

The pleadings allege the following apparently uncontested facts. In 1988, father conveyed a farm to son. In addition, stocks and bonds "which had been held by" father were transferred to an account "registered in the names of [father and son] as joint tenants with right of survivorship." In April and May, 1989, son withdrew $61,479.79 from the account and deposited it in his personal account.

On May 15, 1989, the probate division declared father an incapacitated person. A conservator was appointed, and in August, 1989, he filed a petition to discover assets. The petition named son, his wife, and daughter as respondents. However, the petition stated that "no affirmative relief is requested against [daughter], at this time and she is joined due to her status as a necessary and indispensible (sic) party to this action."

In March, 1991, son, his wife, and conservator entered into a stipulation. The stipulation provided that judgment could be entered against son and his wife for $26,000. Further, all rent from the farmland would go to the estate during father's lifetime. On July 15, 1991, the probate division entered its order approving the stipulation for compromise settlement.

Father died on October 29, 1992. On July 20, 1993, daughter filed a petition for discovery of assets. She alleged son improperly acquired some of father's assets.

Son's answer denied many of the petition's allegations. In addition, son pled accord and satisfaction of father's claim and that the

probate division's order approving that settlement was a final judgment. Because no appeal was taken from that judgment, son alleged "that maintenance of this action is barred by the doctrine of res judicata."

Daughter filed a summary judgment motion. In support of her motion, she attached depositions taken during the first discovery of assets proceeding.

In response to her motion, son filed his affidavit. Among other things, he stated that the disputes between father and son were settled prior to father's death. Further, son asked the court to take judicial notice of all proceedings in the earlier action, including the stipulation of the parties and the court's July 15, 1991 order approving the stipulation.

The probate division heard oral argument on daughter's summary judgment motion. Among other things, son's attorney argued that "by whatever name one would want to term it—res judicata, collateral estoppel, estoppel by judgment—that under the applicable law," it was inappropriate to relitigate this issue. The probate division granted summary judgment.

## II. Affirmative Defense

Without ruling the merits of son's other points on appeal, we find his second point dispositive. In that point, he alleges the trial court erred in granting summary judgment "because of the doctrine of res judicata."

We do not reach the merits of whether daughter's claim is barred by the application of that doctrine. Rather, we reverse and remand because her summary judgment motion did not refute son's affirmative defense as a matter of law.

■ A summary judgment movant who is also a claimant must establish that there is no genuine dispute as to material facts which the claimant would have had the burden of persuasion at trial. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 380 (Mo. banc 1993). "Additionally, where the defendant has raised an affirmative defense, a claimant's right to judgment depends just as much on the *non-viability* of that affirmative defense as it does on the *viability*

of the claimant's claim." *Id.* at 381 (emphasis original). Thus, "a claimant moving for summary judgment in the face of an affirmative defense must also establish that the affirmative defense fails as a matter of law." *Id.*

■ Here, daughter's summary judgment motion contended that there were no genuine issues concerning the material facts alleged in her petition. However, her motion does not mention or address son's properly pled res judicata affirmative defense. She did not establish that the affirmative defense failed as a matter of law.

Moreover, until she made a prima facie showing that the affirmative defense of res judicata was not viable, son had no burden to support this defense. *See id.* As a result, daughter has not shown that she is "entitled to a judgment as a matter of law." Rule 74.04(c)(3); *ITT*, 854 S.W.2d at 381.

The trial court's judgment is reversed, and the cause remanded for further proceedings.

CRANDALL and DOWD, JJ., concur.